UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| COYLE NISSAN, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00075-TWP-TAB |
| | ) | |
| NISSAN NORTH AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON
PLAINTIFF'S MOTION FOR ENLARGEMENT OF
EXPERT WITNESS DISCLOSURE DEADLINE**

Plaintiff missed the June 17, 2020, expert witness disclosure deadline.  Unfortunately, when Plaintiff finally got around to requesting an enlargement of that deadline more than four weeks after it passed, Plaintiff pointed the finger at Defendant as the cause of the missed deadline, rather than appropriately acknowledging that Plaintiff was largely the cause of the problem.  At bit of background helps illustrate this fact.

The Case Management Plan [Filing No. 85] set a June 17, 2020, deadline for Plaintiff's expert witness disclosures.  That deadline passed without any request by Plaintiff to enlarge the deadline.  However, subsequent filings revealed that Plaintiff made an expert witness disclosure to Defendant, but that the disclosure was significantly deficient.  As a result, Defendant filed a motion seeking 30 days beyond any expert disclosure by Plaintiff to make its own disclosure. [Filing No. 89.]  The Court denied the motion, but indicated that if Plaintiff did seek an enlargement of the deadline, and if the Court granted an enlargement, the Court would revisit the need to enlarge Defendant's expert witness deadline.  [Filing No. 90.]  Three days later, on July 17, Plaintiff filed the motion presently before the Court seeking an enlargement of time until

August 31, 2020, to make its expert witness disclosure.  In that motion, Plaintiff stated that the June 20 deadline was "unworkable" primarily due to Defendant's delayed document production. [Filing No. 91, at ECF p. 1.]

Plaintiff's motion misses the mark.  The Court does not doubt that Defendant's production was delayed and that this contributed to Plaintiff's need to enlarge the expert deadline.  Indeed, nestled in the briefing is an indication that COVID-19 has played a role in any delays.  But this does not excuse Plaintiff's failure to timely request an enlargement of the expert disclosure deadline.  Moreover, rather than try and place the blame on Defendant, Plaintiff should have acknowledged its oversight and provided good cause for the requested enlargement.  Instead, Plaintiff's reply brief accuses Defendant of "[s]itting on documents and setting expert deadline trap doors."  [Filing No. 94, at ECF p. 1.]  Plaintiff's reply also represents to the Court that Defendant has failed to produce any ESI, but that assertion was undercut in Defendant's sur-reply.  [Filing No. 95, at ECF p. 2.]

The result of Plaintiff's bobble is an avoidable, contested motion, needless finger pointing, and an expenditure of limited judicial resources.  Although the Court could deny Plaintiff's motion for the reasons set forth above, it declines to do so.  The dispositive motions deadline is not until October 15, 2020, and the trial is not until May 17, 2021.  Enough time exists to alter the expert witness deadline as Plaintiff requests.  Any prejudice to Defendant is avoided by granting Defendant's request to enlarge Defendant's expert witness deadline to 30 days beyond Plaintiff's expert disclosure.

Accordingly, Plaintiff's motion for enlargement of the expert witness deadline [Filing No.

91] is granted.  Plaintiff shall make its expert witness disclosure by August 31, 2020.

Defendant's expert witness disclosure deadline is enlarged to September 30, 2020.

Date: 8/10/2020

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to counsel of record via ECF.