UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| COYLE NISSAN, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-cv-00075-TWP-TAB |
| ) | |
| NISSAN NORTH AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON MOTIONS CONCERNING THE SUMMARY JUDGMENT RECORD**

This matter is presently before the Court on a Motion for Leave to Supplement the Record (Filing No. 142) and a Motion to Strike Extraneous Exhibits (Filing No. 145) filed by Defendant Nissan North America, Inc. ("NNA").  Plaintiff Coyle Nissan, LLC ("Coyle") initiated this action asserting claims for breach of contract, breach of fiduciary duty, and other statutory and common law claims against NNA, arising out of the parties' automobile manufacturer-dealer relationship. Earlier in this litigation, the Court granted in part and denied in part NNA's Motion to Dismiss Coyle's claims.  NNA then filed a Motion for Summary Judgment (Filing No. 108) on the remaining claims, which is now set for oral argument on February 26, 2021.  This Order addresses NNA's two Motions that concern the summary judgment record.  For the following reasons, the Court **grants** the Motion for Leave to Supplement the Record and **denies** the Motion to Strike Extraneous Exhibits.

**A.     Motion for Leave to Supplement the Record**

In its Motion for Leave to Supplement the Record, NNA asks the Court for permission to supplement the summary judgment record.  NNA asserts,

> To address the response in opposition to summary judgment filed by [Coyle], and in light of additional discovery that has occurred since NNA filed its opening brief

more than three months ago, NNA has identified seven additional facts, not in dispute, which the Court may find material to its decision on NNA's pending motion for summary judgment.

([Filing No. 142 at 1](#).)

NNA explains that in its summary judgment reply brief, it has included a section titled "Supplemental Statement of Material Facts Not in Dispute," which consist of supplemental facts that are expressed in seven numbered sentences and supported by admissible evidence in the form of testimony from the principals of Coyle. The supplemental facts respond directly to Coyle's allegations asserted in its opposition to summary judgment. NNA asks the Court to permit and accept the supplemental statement of material facts and consider them when deciding whether summary judgment should be granted. NNA argues that, on reply in support of summary judgment, the moving party may supplement its statement of material facts to the extent such additional evidence responds to the non-moving party's statement of facts. *See Pike v. Caldera*, 188 F.R.D. 519, 533 (S.D. Ind. 1999).

Coyle did not respond or object to NNA's Motion for Leave to Supplement the Record. The Court **grants** NNA's Motion because a moving party is permitted to answer the non-moving party's statement of material facts in dispute and the supporting evidence. The moving party is given the opportunity to "have the final word" and reply to the response. *See Lady Di's, Inc. v. Enhanced Servs. Billing, Inc.*, 2010 U.S. Dist. LEXIS 29463, at *4 (S.D. Ind. Mar. 25, 2010) ("purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion"). Therefore, NNA's "Supplemental Statement of Material Facts Not in Dispute" contained in the reply brief and the cited evidence are permitted.

B.     **<u>Motion to Strike Extraneous Exhibits</u>**

NNA also asks the Court to strike Coyle's "Appendix of Documents to Maintain Under Seal," filed at [Filing No. 133](), which serve as a supplement to the evidence filed in support of Coyle's response brief opposing summary judgment. NNA argues that these extraneous exhibits were filed two weeks after Coyle's deadline for filing its summary judgment response. Therefore, Coyle's untimely and improper appendix of documents is immaterial and impertinent because it fails to comport with the rules of this Court and the Court's Orders in this case. NNA points out that the Court had warned the parties that they should anticipate no further extensions of time to the summary judgment briefing schedule, but Coyle's filing ignored that warning and was untimely. Thus, Coyle's unnecessary clutter should be stricken from the record.

NNA additionally argues that the documents in the appendix have been submitted without foundation and without authentication, so they are inadmissible. Further, the documents have not been properly cited in any of the summary judgment briefing.

Coyle responds that the issues of foundation and authentication have been cured by the affidavit submitted at [Filing No. 158-1](). Coyle contends the documents in the appendix were cited in its response brief, giving examples at [Filing No. 158 at 3](), and it had to remove some of the references to the appendix documents from the response brief because the documents were subject to a protective order in this case. Coyle argues that the appendix documents are not immaterial and impertinent as suggested by NNA. Rather, the documents were used extensively in several of the depositions taken in this case, and they are highly relevant and consequential to the issues and claims at play in this matter. They include market studies and reports for Coyle's facility site, site approval, and other similar matters. They are relevant to this case, not immaterial and impertinent.

Coyle further responds that it was not dilatory or slothful in submitting the appendix of documents. Coyle explains that it contacted NNA's counsel the day before its filing deadline and asked whether NNA would stipulate to removing its confidentiality designation of the appendix documents. NNA did not promptly stipulate to removing the confidentiality designation, so Coyle removed the documents and references to the documents from the response brief because of concern over the protective order and filing them under seal. After trying to resolve the confidentiality and protective order concerns with NNA, Coyle eventually filed its appendix of documents in support of its response brief. Therefore, Coyle asserts, its appendix of documents should be considered by the Court, and the Motion to Strike should be denied.

NNA replies that Coyle should have been diligent regarding the appendix documents and sought NNA's input regarding confidentiality sooner than the day before Coyle's filing deadline, and NNA was entitled to fifteen days under the protective order to respond to confidentiality disputes.

Coyle's arguments are well-taken, and the Court declines to strike the appendix of documents filed in support of Coyle's response brief at [Filing No. 133](). Coyle should have been more diligent in resolving the issues of the protective order and the confidentiality of documents earlier in the summary judgment process, but the Court will excuse the two-week delay in filing the additional designated evidence as it appears that Coyle attempted to resolve the confidentiality issues before the filing deadline but ultimately was unsuccessful in doing so in the ensuing days and weeks. However, Coyle is admonished that the Court is not likely to excuse future delays.

### C. **Coyle's Surreply Brief and Evidence**

Finally, in its reply brief for its Motion to Strike, NNA raises the issue of Coyle submitting,

> [a] surreply in opposition to NNA's summary judgment motion [[Filing No. 153]()] which, in violation of S.D. Ind. L.R. 56-1(d) and the Court's "no more extensions"

4

order [Filing No. 125], was untimely submitted 11 days after service of NNA's reply brief, and which offers new exhibits and argument beyond those raised by NNA in its uncontested motion to supplement the record.

(Filing No. 164 at 1.)

Local Rule 56-1(d) provides:

A party opposing a summary judgment motion may file a surreply brief only if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response. The surreply must be filed within 7 days after the movant serves the reply and must be limited to the new evidence and objections.

Because Coyle submitted its surreply brief without first seeking leave of Court to do so, and because it submitted the surreply brief after the seven-day deadline, the Court **strikes** the surreply brief and additional surreply evidence from the record, which was filed at Filing No. 152 and Filing No. 153. *See Elwell v. Bade*, 2020 U.S. Dist. LEXIS 105843, at *5 (S.D. Ind. June 16, 2020) (striking surreply); *Strong v. Del. Cty.*, 976 F. Supp. 2d 1038, 1044 (S.D. Ind. 2013) (same).

## CONCLUSION

For the reasons explained above, the Motion for Leave to Supplement the Record (Filing No. 142) is **GRANTED**, and the Motion to Strike Extraneous Exhibits (Filing No. 145) is **DENIED**. Coyle's surreply brief and surreply evidence filed at Filing No. 152 and Filing No. 153 are **stricken** from the record.

**SO ORDERED.**

Date: 2/22/2021

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

5

DISTRIBUTION:

Brad S. Keeton
STOLL KEENON OGDEN PLLC
brad.keeton@skofirm.com

Christopher DeVito
MORGANSTERN, MACADAMS &
DEVITO CO., L.P.A.
ChrisMDeVito@gmail.com

Joel T. Nagle
STOLL KEENON OGDEN, PLLC
joel.nagle@skofirm.com

Ronald C. Smith
STOLL KEENON OGDEN, PLLC
Ron.Smith@skofirm.com

Anna K.B. Finstrom
DORSEY & WHITNEY LLP
finstrom.anna@dorsey.com

Evan Livermore
DORSEY & WHITNEY
livermore.evan@dorsey.com

Steven J. Wells
DORSEY & WHITNEY LLP
wells.steve@dorsey.com

William C. Wagner
TAFT STETTINIUS & HOLLISTER LLP
wwagner@taftlaw.com