UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| COYLE NISSAN, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 4:18-cv-00075-TWP-TAB |
| | ) |
| NISSAN NORTH AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION TO STRIKE AND MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM

This matter is before the Court on a Motion to Strike Defendant's Additional Affirmative Defenses and Counterclaim, or, in the Alternative, to Dismiss (Filing No. 199) filed by Plaintiff Coyle Nissan, LLC ("Coyle"), as well as a Motion for Leave to File Amended Answer and Counterclaim (Filing No. 203) filed by Defendant Nissan North America, Inc. ("NNA"). For the following reasons, NNA's Motion is **granted**, and Coyle's Motion is **denied as moot**.

**I.   Background**

On April 13, 2021, the Court issued its Entry on Certain Motions and ruled:

Coyle's Motion for Leave to File Supplemental Pleading (Filing No. 167) is **GRANTED**, and Coyle's tendered Supplement to Its Amended Complaint at Filing No. 167-1 is deemed accepted as of the date of this Entry. NNA is granted **fourteen (14) days** from the date of this Entry to file a responsive pleading to the Supplemental Pleading.

(Filing No. 197 at 18.)

Fourteen days later, on April 27, 2021, NNA filed its Answer to Plaintiff's Supplemental Pleading and Defendant's Counterclaim (Filing No. 198). NNA responded to the allegations in Coyle's Supplemental Complaint, asserted "Additional Defenses," and brought counterclaims against Coyle for breach of contract and declaratory judgment/specific performance. Thereafter,

on May 18, 2021, Coyle filed its Motion to Strike Defendant's Additional Affirmative Defenses and Counterclaim, or, in the Alternative, to Dismiss, which was followed by NNA's Motion for Leave to File Amended Answer and Counterclaim on May 28, 2021. The Court will address each Motion in turn.

## II.     Motion to Strike

> Rule 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may either strike on its own or on a motion by a party and has considerable discretion in striking any redundant, immaterial, impertinent or scandalous matter.

*Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). The district court's decision on a motion to strike should not be arbitrary or unreasonable. *Id.* "[T]he general rule [is] that motions to strike are disfavored." *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Coyle asks the Court to strike NNA's affirmative defenses and counterclaim that were included in NNA's Answer to the Supplemental Complaint, or alternatively, to dismiss the counterclaim because it is an untimely filed compulsory counterclaim. Coyle asserts that both the counterclaim and the additional affirmative defenses should be stricken because NNA failed to seek leave of court before asserting them, which Coyle argues is a requirement when responding to a supplemental pleading. Coyle additionally argues that, even if NNA had sought leave of court, the additional affirmative defenses and counterclaim still should be stricken because they are overly broad and not solely in response to those portions of the pleadings that were supplemented.

For its position that the defenses and counterclaim should be stricken because they are overly broad, Coyle contends that the Southern District of Indiana follows the so-called "moderate approach" to amended and supplemental pleadings, pointing to *Spencer County Redevelopment*

*Comm'n v. AK Steel Corp.*, 2011 U.S. Dist. LEXIS 96360, at *9–10 (S.D. Ind. Aug. 26, 2011). Under this approach, "changes allowed in an amended response are limited to the breadth of the changes made in the amended complaint." *Id.* (citations omitted). And when the pleading at issue is in response to a supplemental pleading, "defendants should seek leave to serve new counterclaims or affirmative defenses, and no new counterclaims or affirmative defenses are permitted unless they are in response to those portions of the pleadings which were supplemented." *Id.* at *10–11 (citation omitted).

Coyle argues that NNA's additional affirmative defenses were available to NNA prior to the filing of the supplemental pleadings. Coyle further argues that NNA's counterclaim is based upon Coyle's alleged failure to develop the car dealership lot in accordance with the contract deadlines, which called for completion by October 1, 2017. Thus, Coyle asserts, NNA's counterclaim is a compulsory counterclaim that must have been brought when Coyle filed its breach of contract action in May 2018 or even in January 2019 when Coyle filed its Amended Complaint. However, NNA failed to file its compulsory counterclaim for breach of contract until Coyle filed its Supplemental Complaint. Coyle argues this is too late.

NNA responds,

> [I]n an effort to expedite these proceedings and to avoid pointless argument, NNA is simultaneously filing a motion for leave to file an amended answer and counterclaim that would remedy the alleged pleading defects about which Coyle complains. NNA respectfully requests that Coyle's motion be denied on the merits (or as moot), and that NNA's motion for leave to file an amended answer and counterclaim be granted.

([Filing No. 202 at 1](Filing No. 202 at 1).)

As to the merits of the Motion, NNA asserts that *Spencer County Redevelopment* is not binding on this Court as that was another district court decision, and there is no requirement that NNA must have first sought leave of court when filing its counterclaim and additional defenses in

3

response to the Supplemental Complaint. In any event, NNA asserts, its counterclaim and additional defenses do what *Spencer County Redevelopment* permitted: it brings the claims and damages up to date in the litigation in a manner proportional to Coyle's Supplemental Complaint. The counterclaim is based on a new, recent, and separate breach of contract discovered in December 2020 based on Coyle's development of the site, which also is the basis of Coyle's Supplemental Complaint that the Court recently allowed.

In light of the subsequent development in the litigation—that is, NNA's filing of its Motion for Leave to File Amended Answer and Counterclaim—and based on the Court's ruling on that Motion below, the Court concludes that Coyle's Motion to Strike and the concerns raised therein are now moot because they are resolved by NNA's Motion for Leave and by the clarification about the counterclaim in the proposed Amended Answer and Counterclaim. Therefore, Coyle's Motion to Strike is **denied as moot**.

### III.   Motion for Leave to File Amended Answer and Counterclaim

NNA explains the purpose of its Motion for Leave to File Amended Answer and Counterclaim:

> In an effort to expedite these proceedings, NNA brings this motion in conjunction with its concurrently-filed opposition to Coyle's meritless motion to strike or dismiss NNA's additional defenses and counterclaim. . . . NNA's proposed amended answer and counterclaim[] would remedy the alleged defects about which Coyle complains in its motion.

([Filing No. 204 at 1](#).)

NNA asserts that its amended pleading is permissible under the federal rules. *See* Fed. R. Civ. P. 13(e) ("The court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading."); Fed.

4

R. Civ. P. 15(a)(2) ("The court should freely give leave [for a party to amend its pleading] when justice so requires.").

> NNA's proposed amended counterclaim recites, as background, a factual history that dates back to July of 2012 when the parties executed the Dealer Sales and Service Agreement ("DSSA"), but the *claims of breach* are explicitly based on a critical series of *recent* events—in just the last six months—that form the basis for both counts of the counterclaim [*see* Ex. A at 15-17 (Countercl. ¶¶ 23-35)]. Specifically, NNA's counterclaim explains that NNA became aware for the first time in December of 2020 that a new parking lot encompassing about half of the site that Coyle had promised and NNA had approved for development of a new facility under the DSSA had been installed for the benefit of the Coyle family's Chevrolet dealership, and how that awareness prompted NNA to rescind approval of the site. [*Id.*] Those very same facts are the basis for Coyle's supplemental pleading, to which NNA's answer and counterclaim respond. [Filing No. 167-1 at ¶¶ 4-5.]

(Filing No. 204 at 2.)

NNA asserts that Coyle's act of constructing a parking lot for the Chevrolet dealership, which had not occurred at the time of the NNA's original answer in this case, clearly constituted a new and separate breach of contract. NNA explains that its proposed Amended Answer and Counterclaim makes clear that the counterclaim is based on Coyle's recent breach of contract, not the historical background of previous breaches. NNA's proposed filing also eliminates the additional defense that Coyle complains was not included in the earlier Answers filed by NNA. Thus, the proposed filing clearly is limited to the scope of Coyle's Supplemental Complaint and is permissible. NNA argues that procedural fairness and due process require that NNA be allowed to assert counterclaims based on exactly the same facts that form the basis for Coyle's Supplemental Complaint, which the Court recently allowed.

Coyle responds that NNA's proposed amended filing exceeds the scope of NNA's right to amend because it asserts affirmative defenses that were available prior to the filing of the Supplemental Complaint, and the counterclaim is a compulsory counterclaim that should have

5

been brought earlier and was filed in bad faith as retaliation for Coyle filing the Supplemental Complaint.

NNA's argument and position is well taken and supported by the Federal Rules of Civil Procedure. The Court concludes that justice so requires allowing amendment of NNA's Answer and Counterclaim that it filed in response to Coyle's Supplemental Complaint. The proposed amendments (1) remove the additional defense of which Coyle complained because it was not raised in the earlier Answers filed by NNA, and (2) provide clearer allegations that the counterclaims are based solely on the newly discovered activity conducted at the site by Coyle that NNA alleges is a new breach of the parties' contract. NNA's proposed amended filing is in fact proportional to Coyle's Supplemental Complaint, which the Court recently allowed, and justice requires allowing NNA to answer and counterclaim based on those same new facts and occurrences. Therefore, the Court **grants** NNA's Motion for Leave to File Amended Answer and Counterclaim.

## Conclusion

For the foregoing reasons, the Court **DENIES AS MOOT** Coyle's Motion to Strike (Filing No. 199) and **GRANTS** NNA's Motion for Leave to File Amended Answer and Counterclaim (Filing No. 203). NNA's tendered Amended Answer to Plaintiff's Supplemental Pleading and Defendant's First Amended Counterclaim at Filing No. 203-1 is deemed accepted as of the date of this Entry. Coyle is granted **fourteen (14) days** from the date of this Entry to respond to the Amended Counterclaim.

**SO ORDERED.**

Date: 9/21/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

6

Distribution:

Anna K.B. Finstrom
DORSEY & WHITNEY LLP
finstrom.anna@dorsey.com

Brad S. Keeton
STOLL KEENON OGDEN PLLC
brad.keeton@skofirm.com

Evan Livermore
DORSEY & WHITNEY
livermore.evan@dorsey.com

Joel T. Nagle
STOLL KEENON OGDEN, PLLC
joel.nagle@skofirm.com

Ronald C. Smith
STOLL KEENON OGDEN, PLLC
Ron.Smith@skofirm.com

William C. Wagner
TAFT STETTINIUS & HOLLISTER LLP
wwagner@taftlaw.com

Steven J. Wells
DORSEY & WHITNEY LLP
wells.steve@dorsey.com

Christopher DeVito
MORGANSTERN, MACADAMS &
DEVITO CO., L.P.A.
ChrisMDeVito@gmail.com