# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | | |
|---|---|---|
| COYLE NISSAN, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00075-TWP-TAB |
| | ) | |
| NISSAN NORTH AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(B)

This matter is before the Court on a Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) (Filing No. 218) filed by Plaintiff Coyle Nissan, LLC ("Coyle"). Coyle initiated this action to assert claims for breach of contract, breach of fiduciary duty, and other statutory and common law claims against Defendant Nissan North America, Inc. ("NNA"), arising out of the parties' automobile manufacturer-dealer relationship. NNA filed various motions throughout this litigation, and the Court granted in part and denied in part NNA's motion to dismiss Coyle's claims, and the Court subsequently granted NNA's motion for summary judgment, dismissing the remaining claims of Coyle's Amended Complaint (Filing No. 86; Filing No. 212). The only remaining claims are Coyle's three claims alleged in its Supplemental Complaint and NNA's counterclaims to the Supplemental Complaint. Coyle has moved for entry of final judgment on the Court's summary judgment and dismissal Orders pursuant to Rule 54(b). For the following reasons, Coyle's Motion is **denied**.

## I.     LEGAL STANDARD

The federal appellate courts have jurisdiction over all final decisions of the district courts of the United States. Orders resolving fewer than all claims are not final for purposes of appeal. Rule 54(b) of the Federal Rules of Civil Procedure

provides an exception. It allows a district court to direct entry of a final judgment as to one or more, but fewer than all, claims or parties, but only if there is no just reason for delay. . . . A Rule 54(b) motion requires the district court to examine questions of finality and readiness for appeal. That is, the court must first determine whether the order in question is truly final as to one or more claims or parties; if it is, the court must consider whether there is any good reason to delay entry of final judgment until the entire case is finished.

*King v. Newbold*, 845 F.3d 866, 867–68 (7th Cir. 2017) (internal citations and quotation marks omitted).

"Rule 54(b) entries are not to be made routinely or as an accommodation to counsel." *Great American Trading Corp. v. I.C.P. Cocoa, Inc.*, 629 F.2d 1282, 1286 (7th Cir. 1980). "[S]ound judicial administration does not require that Rule 54(b) requests be granted routinely." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980). "The decision to grant a Rule 54(b) certification is committed to a district court's discretion, subject to the proviso that such certification should not be routine and should be exercised in accord with the strong judicial policy against interlocutory and piecemeal appeals." *Morrison v. YTB Int'l, Inc.*, 2010 U.S. Dist. LEXIS 142740, at *6 (S.D. Ill. May 14, 2010).

"The court considers federal policy against piecemeal appeals, whether the claims under review are separable from the remaining claims, and whether the nature of the claims is such that the appellate court would not have to decide the issue more than once if there were subsequent appeals." *Cent. Laborers' Pension Fund v. AEH Constr.*, 2015 U.S. Dist. LEXIS 122982, at *5–6 (C.D. Ill. Sep. 14, 2015). "[T]he claim certified must be separate from the remaining claims." *Morrison*, 2010 U.S. Dist. LEXIS 142740, at *5. "In the context of Rule 54(b)[,] claims are separate not if they arise under differing statutes or legal doctrines but if they involve different facts." *Id.* at *7.

Rule 54(b) authorizes the district court to enter a final judgment on a separate claim only if that claim is separate from the claim or claims remaining for decision in the

2

district court--separate not in the sense of arising under a different statute or legal doctrine, such as the trademark statute versus the copyright statute, but in the sense of involving different facts.

*Ty, Inc. v. Publications Int'l Ltd.*, 292 F.3d 512, 515 (7th Cir. 2002).

## II.   <u>DISCUSSION</u>

In its Motion, Coyle succinctly explains the relevant procedural history:

1. On January 2, 2019, Coyle filed its First Amended Complaint asserting twelve causes of action against NNA. (Document 46).

2. On January 23, 2019, NNA moved to dismiss eleven of Coyle's twelve causes of action. (Document 49).

3. On March 26, 2020, this Court granted in part and denied in part NNA's motion to dismiss, leaving six of Coyle's causes of action remaining. (Document 86).

4. On May 12, 2020, NNA filed its Answer to Coyle's First Amended Complaint. In it, NNA did not assert any counterclaims. (Document 87).

5. On October 15, 2020, NNA moved for summary judgment on Coyle's six remaining causes of action. (Document 108).

6. On February 25, 2021, Coyle moved for leave to file its Supplemental Pleading, which asserted three new causes of action related to NNA's wrongful actions subsequent to the filing of the Amended Complaint. (Document 167).

7. On April 13, 2021, this Court granted Coyle's motion and deemed the Supplemental Pleading filed as of [] that date. (Document 197).

8. On April 27, 2021, NNA filed its Answer to Coyle's Supplemental Pleading and asserted two counterclaims in response thereto. (Document 198). This Court ultimately deemed NNA's Answer and Counterclaim to Coyle's Supplemental Pleading filed as of September 21, 2021. (Documents 211 and 213).

9. Also on September 21, 2021, this Court granted NNA's Motion for Summary Judgment on Coyle's First Amended Complaint and dismissed all remaining causes of action. (Document 212).

10. Therefore, as of the date of this filing, all that remains pending in this case are the three causes of action Coyle asserted in its Supplemental Pleading and the two counterclaims asserted by NNA in response thereto.

(Filing No. 218 at 2–3.)

Coyle asks the Court to enter final judgment under Rule 54(b) on the summary judgment and dismissal Orders so that it can "pursue an appeal of the dismissed counts of its First Amended Complaint" without waiting "until after a final judgment is entered following the trial on the Supplemental Pleading and Counterclaim thereto." *Id.* at 8. In support of its Motion, Coyle argues that an ultimate and final disposition has been entered on each of the claims asserted in its Amended Complaint. The claims were dismissed by the Court's summary judgment and dismissal Orders, and nothing remains for consideration as to those claims. Coyle argues that a final "judgment will then be immediately appealable and promote judicial economy." *Id.* at 4.

Coyle further asserts that the claims it seeks to certify for appeal are separate and distinct from the claims asserted in the Supplemental Complaint and NNA's counterclaims thereto. The remaining claims in the Supplemental Complaint concern actions taken by NNA only after the date that Coyle filed its Amended Complaint. Coyle argues that, because the claims are factually distinct with separate possible recoveries, there will not be "needless duplication" for the appellate court in the event of two separate appeals.

In response to the Motion, NNA does not dispute that there has been an ultimate and final disposition on each of the claims asserted in the Amended Complaint. Rather, NNA contends that, even when claims are separate and distinct, an appeal should not follow as of course. Even with factually distinct claims, a district court must still determine that there is no just reason for delay, and in this case, there is a "just reason" for delaying the entry of judgment—to avoid piecemeal appeals. The normal course in litigation is one appeal per case, which prevents duplicative and time-consuming appeals. NNA argues that, because Coyle has not identified any special circumstances that warrant entry of a partial final judgment, the Court should deny the Motion.

Coyle has not offered any reason that an appeal in this matter should not wait until after resolution of all claims other than its desire to pursue an appeal now.

After consideration of the parties' arguments, the procedural history of the case, the current procedural posture of the case, and the fast-approaching trial date of **March 7, 2022**, the Court concludes that Coyle's Motion should be denied. The trial on the remaining supplemental claims and counterclaims is only three months away. There would be no judicial economy in allowing an appeal at this time of the Orders dismissing the claims of the Amended Complaint to then only open the door to a second possible appeal shortly hereafter. Having two appeals in one case, requiring two sets of briefing, and potentially requiring two oral arguments, while requiring the appellate court to consider two appeals—rather than waiting a few months for a single appeal in this single case—does not serve judicial administration, and such approach would waste the parties' and the courts' resources. There is a strong judicial policy against interlocutory and piecemeal appeals.

Furthermore, the crux of Coyle's argument is that the dismissed claims of its Amended Complaint are entirely separate and distinct from the remaining claims in the supplemental pleadings. Thus, final judgment should be entered and an immediate appeal should be permitted for the dismissed claims. However, Coyle's argument is significantly undermined by the argument it advanced when it sought leave to file its Supplemental Complaint.

When seeking to avoid having to file an entirely new lawsuit and rather simply being able to file its Supplemental Complaint in this action, Coyle argued,

> Here, the Supplemental Pleading, while based entirely on actions of NNA that occurred after Coyle filed the Amended Complaint, are sufficiently related "such that litigating them in a separate action risks waste." *GEFT Outdoor*, 2019 WL 2142887, at *5. The parties are the same, the contract is the same, and the parcel of land at issue, the Approved Site, is the same. It is more efficient and reasonable to

allow Coyle to assert the new claims in this action than to force Coyle to file an entirely new action over related conduct and the same contract.

(Filing No. 167 at 9.)

When asking to supplement its breach of contract claim, "Coyle plead[ed] that as a result of Nissan's breach, Coyle has suffered actual and consequential damages. *Id.*, at ¶ 20. The damages will now continue into the future." (Filing No. 167 at 5.) Further, "Coyle's Supplemental Pleading adds to Count [III] of the Amended Complaint, which alleges NNA violated California's covenant of good faith and fair dealing." (Filing No. 167 at 5–6.) "Finally, the Supplemental Pleading adds to Count VI of Coyle's Amended Complaint." (Filing No. 167 at 6.) Coyle also noted, "It would not be an efficient use of judicial resources to require a separate lawsuit with such similarities." (Filing No. 185 at 2.) Coyle's own prior arguments contradict the argument it now makes for entry of final judgment.

Indeed, as part of the Court's consideration in allowing Coyle to supplement its Amended Complaint, the Court concluded that "the supplemental claims are very closely related to the original claims in the underlying action as they arise from the same agreement between the same parties and concern the same approval/disapproval of the same dealership site." (Filing No. 197 at 18.) Even if the claims were separate and distinct, there is "just reason" for not entering final judgment as to the summary judgment and dismissal Orders—judicial economy and to avoid piecemeal appeals.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff Coyle Nissan, LLC's Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) (Filing No. 218) is **DENIED**.

**SO ORDERED.**

Date:   12/2/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Anna K.B. Finstrom
DORSEY & WHITNEY LLP
finstrom.anna@dorsey.com

Brad S. Keeton
STOLL KEENON OGDEN, PLLC
brad.keeton@skofirm.com

Evan Livermore
DORSEY & WHITNEY LLP
livermore.evan@dorsey.com

Ronald C. Smith
STOLL KEENON OGDEN, PLLC
Ron.Smith@skofirm.com

Steven J. Wells
DORSEY & WHITNEY LLP
wells.steve@dorsey.com

William C. Wagner
TAFT STETTINIUS & HOLLISTER LLP
wwagner@taftlaw.com

Christopher DeVito
MORGANSTERN, MACADAMS &
DEVITO CO., L.P.A.
ChrisMDeVito@gmail.com