**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| COYLE NISSAN, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00075-TWP-TAB |
| | ) | |
| NISSAN NORTH AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON MOTION FOR LEAVE TO FILE**
**MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Leave to File Motion for Summary

Judgment filed by Defendant Nissan North America, Inc. ("NNA") (Filing No. 286). Plaintiff

Coyle Nissan, LLC ("Coyle") initiated this action to assert claims for breach of contract, breach of

fiduciary duty, and other statutory and common law claims against NNA, arising out of the parties'

automobile manufacturer-dealer relationship. Following a motion to dismiss, motion for summary

judgment, and supplemental pleadings, only three claims and two counterclaims remain for trial,

which is scheduled to begin on June 28, 2022. The claims set for trial are Coyle's claims for breach

of contract, breach of the covenant of good faith and fair dealing under California law, and

violation of the Indiana Deceptive Franchise Practices Act as well as NNA's counterclaims for

breach of contract and declaratory judgment. One and a half months after the Court held the final

pretrial conference, NNA filed its Motion for Leave to File Motion for Summary Judgment. For

the following reasons, NNA's Motion is **denied**.

**I.      Discussion**

NNA asserts that the remaining supplemental claims "can be decided more quickly on the

papers than through Plaintiff Coyle Nissan LLC's ('Coyle') proposed 5 days of trial and the

testimony of twenty witnesses." (Filing No. 286 at 1.) NNA contends that "the supplemental claims can be resolved on summary judgment, sparing the Court the time and expense of conducting a trial." *Id.* at 2. NNA further argues, "due to the timing of Coyle's supplemental claims (which were served after the deadline for dispositive motions), NNA has not had any opportunity to move for summary judgment," and it should be given the opportunity to do so "as a matter of procedural fairness." *Id.* at 2–3.

Lastly, NNA argues,

[T]he impending trial date which was an impediment to allowing a summary judgment motion has now been removed in light of the rescheduling of trial to June 2[8], 2022. The Court denied NNA's previous requests to file a motion for summary judgment on the supplemental claims because trial was fast approaching and the age of this case counseled against extending the dispositive motion deadline. *See* Dkt. 225; Dkt. 276 at 7. Now that the trial has been rescheduled to take place more than three months after filing of this motion, the trial date would not need to be postponed in order to consider the motion.

*Id.* at 3.

Coyle responds that allowing a summary judgment motion to be filed at this late stage of the litigation is inappropriate. Coyle asserts,

For the third time, NNA asks this Court to grant it leave to file a dispositive motion on Coyle's Supplemental Pleading. For the same reasons that this Court has twice previously denied such requests, it should deny the request again. This case is ripe for trial, and the fact that the Court had to continue the start of that trial from March 7 to June 2[8] because of conflicting criminal matters has no bearing on the propriety of a dispositive motion at this late stage of the case. The Court already has determined, in great detail, the issues to be tried, the witnesses who will testify, and the evidence that may be presented. While NNA may attempt to present the theories that form the basis of its proposed motion for summary judgment to the jury, those issues are not appropriate for a dispositive motion, as this Court previously held.

(Filing No. 287 at 1.)

Coyle further points out,

On October 18, 2021, nearly five months before the originally scheduled trial date of March 7, NNA moved this Court for leave to file a dispositive motion on Coyle's Supplemental Pleading. (Document 220). On October 28, 2021, the Court denied that request, noting that "[g]iven the March 7, 2022, trial date and that this case has been pending nearly 3 ½ years, the Court will not extend the dispositive motions deadline." (Document 225). Then, at the February 4, 2022 Final Pretrial Conference, NNA again moved, orally, for leave to file a dispositive motion. In its February 8, 2022 Entry Following Final Pretrial Conference, the Court denied that second request, noting that "this case is old and must proceed to trial." (Document 276 at PageID 4359). The Court further noted that the issues NNA believes entitle it to summary judgment "are relevant factual considerations to be decided by the jury." (*Id.*).

*Id.* at 2.

Coyle also argues that nothing has changed that would make a dispositive motion appropriate now, and while NNA suggests that the case may be resolved more quickly through a dispositive motion than through Coyle's "proposed 5 days of trial and the testimony of twenty witnesses," NNA ignores that eleven of those twenty witnesses appear on NNA's witness list, including two proffered expert witnesses. And while Coyle believes that three days is not a sufficient amount of time to try this matter, that has no bearing on whether a dispositive motion is appropriate.

The Seventh Circuit has unequivocally explained, "[t]he district courts must manage a burgeoning caseload, and they are under pressure to do so as efficiently and speedily as they can, while still accomplishing just outcomes in every civil action. . . . Necessarily, they must have substantial discretion as they manage their dockets." *Reales v. CONRAIL*, 84 F.3d 993, 996 (7th Cir. 1996). "District courts have considerable discretion to manage their dockets and to require compliance with deadlines." *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012). *See also Stevens v. United States Dep't of State*, 20 F.4th 337, 341–42 (7th Cir. 2021) ("As we often have said, district courts have considerable discretion to manage their dockets and to require compliance with deadlines. It is true that in this case the parties never set an explicit deadline for

[plaintiff] to object to the adequacy of the filtered results. But that fact did not strip the district court of all power to manage the case; to the contrary, it remained entitled to take reasonable steps to keep the case moving forward." (internal citation and quotation marks omitted)).

The Court already twice has rejected NNA's request to file another summary judgment motion. The Court previously explained that the trial date is fast approaching, and this case is old—it has been pending nearly four years. The Court has considered that it may not adjudge the credibility of witnesses nor the weigh the evidence when ruling on a motion for summary judgment—and the remaining issues are relevant factual considerations to be decided by the jury. The Court already has held the final pretrial conference. The parties already have filed final witness and exhibit lists, and the parties already have filed pretrial motions in *limine*, upon which the Court already has ruled. This case is ready for trial in two months. Given the briefing schedule for a summary judgment motion and the Court's heavy case load, another summary judgment motion would inevitably delay the trial date set on June 28, 2022. And if a motion was permitted but summary judgment was denied, that would only further delay the final resolution of this old case.

## II.    Conclusion

The issues that remain pending for resolution are best to be decided by the trier of fact[1]. For all the reasons stated above, the Court **DENIES** Defendant Nissan North America, Inc.'s Motion for Leave to File Motion for Summary Judgment (Filing No. 286).

**SO ORDERED.**

Date:   4/15/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

---

[1] This matter is scheduled for trial by jury June 28, 2022 on Coyle's claims for breach of contract, breach of the covenant of good faith and fair dealing under California law, and violation of the Indiana Deceptive Franchise Practices Act as well as NNA's counterclaims for breach of contract and declaratory judgment. Considering the nature of these claims, the parties might consider the option of waiving jury if they believe a bench trial would be more efficient.

Distribution:

Anna K.B. Finstrom
DORSEY & WHITNEY LLP
finstrom.anna@dorsey.com

Brad S. Keeton
STOLL KEENON OGDEN, PLLC
brad.keeton@skofirm.com

Evan Livermore
DORSEY & WHITNEY LLP
livermore.evan@dorsey.com

Ronald C. Smith
STOLL KEENON OGDEN, PLLC
Ron.Smith@skofirm.com

Steven J. Wells
DORSEY & WHITNEY LLP
wells.steve@dorsey.com

Kirby A Black
STOLL KEENON OGDEN, PLLC
kirby.black@skofirm.com

William C. Wagner
TAFT STETTINIUS & HOLLISTER
wwagner@taftlaw.com

Christopher DeVito
MORGANSTERN, MACADAMS &
DEVITO CO., L.P.A.
ChrisMDeVito@gmail.com